No. 12,999.

OTSUKI *v.* YAMAUCHI.
(26 P. [2d] 805)

Decided November 6, 1933.

Mr. HARRY S. CLASS, Mr. JOHN H. SCHULTZ, for plaintiff in error.

Mr. EDWARD V. DUNKLEE, Mr. CARL CLINE, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff below Date Yamauchi, defendant in error, and defendant Otsuki, plaintiff in error, are natives of Japan. She will be referred to in the opinion as Date, the name of her first husband, as her marriage to Yamauchi, her second husband, occurred after the transactions out of which this litigation arose. The case was tried to a jury. The trial court in its instruction No. 1 thus states the issues involved, the accuracy of which is not questioned:

The first husband of Mrs. Date was insured by the New York Life Insurance Company in the amount of $3,000, which policy provided that in case of accidental death a double indemnity would be paid amounting to $6,000. Mrs. Date's first husband was accidentally killed in February, 1924, while his insurance policy was in full force and effect and plaintiff notified defendant thereof and asked and requested him to collect on the policy, which he agreed to do; that the defendant, in violation of the trust and confidence thus reposed in him by the plaintiff, fraudulently and wrongfully informed the plaintiff that she could collect only single indemnity of $3,000 thereon, when, in fact and in truth, he knew that she was then and there entitled by the terms of the policy to collect double indemnity in the sum of $6,000 because her husband was accidentally killed. The defendant, in further violation of the trust reposed in him by Mrs. Date and while he was acting for her, on March 21, 1930, prepared an application to the insurance company for double indemnity, which was to be sent to him personally, and he further retained the pass book of the insurance company which showed a credit of the double indemnity to the plaintiff, for a period of approximately six years without her knowledge or without notifying her thereof, and repeatedly had informed her that she was entitled to single indemnity only; that thereafter the plaintiff, after ascertaining this wrongful conduct of the defendant Otsuki, was compelled to, and did, collect such double

indemnity from the insurance company through her own efforts.

In her complaint she alleges that by reason of such delay and the wrongful and malicious acts of the defendant, she suffered actual damages and loss of interest and loss of time during this period of six years, and was required to, and did, expend certain specified sums of money in an effort to collect such double indemnity, and such wrongful acts of the defendant were willful and malicious, and, therefore, she asks exemplary damages, in addition to actual damages, in a sum not to exceed $2,500, for which she prays judgment, and she also asks a body judgment against the defendant.

In his answer the defendant denies the material allegations of the complaint, denies that he was guilty of any fraud or deceit, or that plaintiff has in any way suffered any damages, and affirmatively alleges that the plaintiff was fully notified as to such double indemnity clause in the policy, and that it was at her request that one-half of the insurance money was left with the company on interest and that he fully performed all the duties required of him in collecting such insurance money for the plaintiff.

Upon the issues thus joined, in a trial to a jury, there was a verdict for the plaintiff in the sum of $500. There was no finding upon the issue as to exemplary damages or, at least, the jury was silent as to this demand of the plaintiff. Upon this verdict of $500 the court, after denying the defendant's motion for a new trial, entered judgment for the plaintiff against the defendant in the sum of $500. To this adverse judgment the defendant is prosecuting this writ of error.

When the cause was docketed in this court the plaintiff in error Otsuki applied for a supersedeas and in connection therewith filed an extended typewritten brief, to which the defendant in error Mrs. Date, through her counsel, filed an elaborate typewritten answer. The application was heard by this court en banc and denied.

The parties thereafter caused their typewritten briefs to be printed, and filed, and upon this review the printed briefs are in the exact terms of the typewritten briefs used in the supersedeas application.

■ We might summarily dispose of the case with the simple statement that it should be affirmed, inasmuch as nothing new is now presented to us by way of argument that was not presented at the time the application for supersedeas was denied. We have, however, again studied this record and our conclusion coincides with that of the jury and the trial court. Indeed, the judgment might well have been for a larger sum. The jury found that the defendant Otsuki betrayed the trust that was reposed in him by Mrs. Date. We cannot say that the jury was not justified in its finding. It would serve no useful purpose to detail this evidence at length. It is sufficient to say that the judge of the trial court, as the record shows, was careful and accurate in his instructions to the jury. No prejudicial error was committed by him in ruling upon objections to the evidence that were made from time to time by the defendant. The case is one upon which the jury possibly might have found differently, although we do not say it would have been justified in doing so. The fact-finding body saw and heard the witnesses and it was better able to judge of their credibility than we are. Possibly we have given this case more consideration than the facts justify. However that may be, the trial court approved of the verdict. Its judgment, under the prevailing rule in this jurisdiction, may not be interfered with, because its conclusion is supported by the evidence.

The judgment is affirmed.

Mr. Justice Bouck not participating.